# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ADONIS BERLE WHITBY,<br><br>*Plaintiff*,<br><br>v.<br><br>MACON-BIBB COUNTY, GEORGIA; Mayor LESTER MILLER; The BOARD OF COMMISSIONERS; HENRY C. FICKLIN; Doctor KEITH MOFFETT; Director CHARLES BROOKS; and Director TIM WILDER,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:22-cv-00157-TES |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Unsuccessful in his efforts to have a Georgia state judge compel Defendants Tim Wilder and Charles Brooks—the public works director and engineer for Macon-Bibb County, Georgia, respectively—to "clear, establish [a] right of way, repair, and maintain" a road located within the county limits, Plaintiff Adonis Berle Whitby took to the other judicial system—the federal courts—hoping to get a more favorable result. [Doc. 1, p. 6]; [Doc. 9-1, pp. 2–3]; *see generally* [Doc. 9-3]. In fact, when the state judge granted summary judgment against Plaintiff on April 18, 2022, only three short days passed before he began his efforts in this court. However, as shown more clearly below, once you get a ruling you don't like in one court, you can't just try, try again hoping the

other court sees it another way. While Defendants rely on numerous paths to support their contention that the discrimination claims asserted in this second suit ought to be dismissed, the Court focuses on their arguments centered on res judicata because the doctrine fully bars each and every one of them. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 9].

Although not listed in Federal Rule of Civil Procedure 12(b)'s list of defenses that can be raised via a dismissal motion, res judicata is an affirmative defense listed in Federal Rule of Civil Procedure 8(c). Therefore, if the existence of the defense can be determined from the face of the complaint, it may be asserted under the guise of a failure-to-state-a-claim defense. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982).

A.      **Plaintiff's Claims**

Complaints filed by pro se plaintiffs are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Heeding this requirement and accepting his factual allegations as true, Plaintiff claims that the road in question was platted in 1955, is 1,000 feet long, and is located in Lizella, Macon-Bibb County, Georgia. [Doc. 1, p. 6]; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With only 500 feet of it maintained, the other half, "[o]ver the last 67 years . . . has fallen into disrepair" preventing him from

"access[ing] property" and building a house.[1] [Doc. 1, p. 6]. In short, Plaintiff asserts in this suit, that the road isn't "fully maintained" for discriminatory reasons given that most of the houses on the road are owned by African Americans. [*Id*.].

The ultimate relief Plaintiff seeks in this case, including his request of money damages,[2] is no different than the relief he sought in the Superior Court of Bibb County. *Compare* [Doc. 9-1, pp. 2–4]; [Doc. 9-2, pp. 17–21] *with* [Doc. 1, p. 6]. In his first suit, Plaintiff tried to get the road "clear[ed] and maintain[ed]" through a "[w]ork order" to Macon-Bibb County employees, and here, he tries to reach that same result—just using different legal channels. [Doc. 9-1, pp. 2–3]. Although Plaintiff's Complaint [Doc. 1], in this case, may raise different claims or theories to recovery, as the Court will explain below, asserting them now is too little, too late.

In addition to a Fourteenth Amendment equal protection claim, Plaintiff's Complaint lists several federal anti-discrimination statutes including, *inter alia*, 42 U.S.C. § 1983; the Fair Housing Act, 42 U.S.C. §§ 3601–3619; Title VI of the Civil Rights Act, 42 U.S.C. § 2000d-1–2000d-7; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131–12165; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;

---

[1] Even though Plaintiff lists his address as being on a *different* road than the road in question, the Court assumes without deciding that he has standing to bring this suit on his own behalf. [Doc. 1, p. 1 (listing Plaintiff's address as "302 Juniper Lane")].

[2] Defendants filed a copy of Plaintiff's motion for summary judgment from his first case as an exhibit, *see* n.3, *infra*, to the instant dismissal motion. *See, e.g.*, [Doc. 9-2, pp. 17–21]. And while Defendants failed to ensure that all of this exhibit was legible, the part that is readable clearly shows Plaintiff's request for damages in his first case. *See, e.g.*, [*id.* at p. 20].

and the statute concerning age discrimination in federally assisted programs, 42 U.S.C. §§ 6101–6107. [*Id.* at p. 4]. To the extent Plaintiff seeks to assert race-, disability-, sex-, and age-based discrimination claims under the Fourteenth Amendment as well as the federal statutes and provisions listed in his Complaint on behalf of his fellow homeowners, federal law prohibits him from doing so as a pro se litigant. 28 U.S.C. § 1654; *see also* [Doc. 1, p. 6 (noting that some of the African American male and female homeowners "on the [r]oad" are "over and under the age of 60" and have disabilities)]. While Plaintiff has the right to appear pro se and represent his own interests, that right does not extend to him the ability to "represent[] the interests of others." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021).

    **B.**    **Defendants' Motion to Dismiss**

In Plaintiff's first suit, Defendants Wilder and Brooks argued that summary judgment should be granted in their favor because they did "not have the authority to accept [the road] under the guidelines established by [Macon-Bibb County] in order for it to be a registered [c]ounty [r]oad [to] be maintained by [Macon-Bibb County]."[3] [Doc. 9-2, p. 9]. Succinctly put, Defendants Wilder and Brooks argued that they were "not the proper parties for the relief [Plaintiff] request[ed]." [*Id.* at p. 15]. The state judge seemingly agreed with and adopted their arguments because she "dismissed [them]

---

[3] Courts may take judicial notice of publicly filed documents that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); Fed. R. Evid. 201(b).

4

with prejudice[.]" [Doc. 9-3, p. 2]. To combat Plaintiff's discrimination claims asserted in this suit, Defendants contend that the doctrine of res judicata acts as a complete bar. [Doc. 9, pp, 4–6].

While the term "res judicata"—in its broadest sense—may be commonly understood as something that has "preclusive effect [because of] a prior adjudication," the actual application of its rules can be quite intricate. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: §§ 4401–02 (3d ed. 2004), pp. 1, 6. Broadly speaking, "[r]es judicata principles commonly involve the relationship between two separate lawsuits." *Id.* at p. 1. In Plaintiff's first suit, Defendants Wilder and Brooks had a judgment entered in their favor with respect to Plaintiff's "end game"—his remedy— to "clear, establish [a] right of way, repair and maintain the road[.]" [Doc. 9-1, p. 3]; [Doc. 9-3, p. 2].

So, when dealing with res judicata, "[t]he most important task . . . is to distinguish clearly between two very different effects" that a previous judgment can have. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4402 (3d ed. 2004), p. 5. First, a previous judgment can "foreclos[e] any litigation of matters that never have been litigated, because of a determination that they should have been advanced in [the previous] suit." *Id.* Second, a previous judgment can have the "effect of foreclosing relitigation of matters that have once been litigated and decided." *Id.* Plaintiff's discrimination claims brought in this suit fall neatly within the first effect.

"[O]nce rendered," res judicata "treats a [previous] judgment as the full measure of relief to be accorded between the same parties on the same 'claim' or cause of action.'" *Id.* at p. 6. More commonly referred to as "claim preclusion," when Defendants Wilder and Brooks obtained a judgment in their favor in Plaintiff's first suit, his overarching claim "[was] extinguished; th[at] judgment then act[ed] as a 'bar[]'" to the discrimination claims he seeks to assert in this suit. *Id.* "Under the[] rules of claim preclusion, the effect of a [previous] judgment extends to the *litigation of all issues* relevant to the same claim between the parties whether or not [previously] raised . . . ." *Id.* "But wait a minute," you may say, "some of the defendants named in this suit are different." While that may be true, res judicata's preclusive effects can be harsh—"mak[ing] the crooked straight and the straight crooked."[4] The drastic remedy accomplished by claim preclusion "achieves the goals of repose and consistency 'by forcing a plaintiff to raise *all possible* theories of recovery and to demand all desired remedies[5] in one proceeding at peril of losing all not raised in it." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4408 N.6 (3d ed. 2004) (citing *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 681–85 (4th Cir. 1994)), p. 199.

---

[4] Bourrer's Institute of American Law, quoted in Black's Law Dictionary 1471 (4th ed. 1945).

[5] Even if Plaintiff had not sought damages in his first suit, *see* n. 2, *supra*, Defendants would still be entitled to dismissal of Plaintiff's discrimination claims asserted here. *See* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: §§ 4408 N.6 (3d ed. 2004) (citing *Huck ex rel Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 50 (3rd Cir. 1997)) ("Claim prelusion could not be defeated by pursuing injunctive relief in the first action and damages relief in the second action."), p. 199.

6

Res judicata's main "desire[] [is] to force the parties to raise [all relevant] matters in their first suit on the pain of subsequent forfeiture." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4406 (3d ed. 2004), p. 152.

So, what does all of this legalese mean for Plaintiff's discrimination claims asserted in this suit? It means that res judicata bars them. If Plaintiff wanted to assert the discrimination claims he seeks to assert against Defendants in this suit, the principles of res judicata required him to bring those discrimination-based theories of recovery in the first one. Just because the new claims raised in this suit are federal claims, doesn't mean that a federal court had to adjudicate them. State courts can undoubtedly hear federal claims. "The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981).

Long story short, the law required Plaintiff to assert his discrimination claims in his first suit. He simply can't try different theories of recovery scattered throughout different suits to reach his end goal of getting the road "opened, cleared, paved, and maintained." [Doc. 1, p. 6]. Generally speaking, the law only gives litigants one chance to stake their claim, and Plaintiff's failure to raise, assert, or litigate discrimination claims in his first suit is detrimental to his efforts to do so now. "Foreclosure of matters

7

that never have been litigated has traditionally been expressed by stating that a single cause of action' cannot be 'split' by advancing one part in a first suit and reserving some other part for a later suit." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4402 (3d ed. 2004), pp. 11–13.

"Claim-preclusion rules are most easily applied when an unsuccessful plaintiff seeks to reopen basically the same theories in search of basically the same remed[y] or pursues a clearly separate claim." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4408 (3d ed. 2004), pp. 197–98. The underlying major function of claim preclusion is "to force a plaintiff to explore all the facts, develop all the theories [of recovery], and demand all the remedies in the first suit." *Id.* at pp. 199–200. Clearly, Plaintiff had "a full and fair opportunity to litigate" discrimination claims in the first suit, he just didn't raise them. *Federer v. Zurich Am. Ins. Co.*, 701 F. App'x 835, 840 (11th Cir. 2017) (citing *Bostick v. CMM Props.*, 772 S.E.2d 671, 673 (Ga. 2015)).

As the party asserting the affirmative defense of res judicata's preclusive effects, Defendants "must carry the burden of establishing all necessary elements." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4405 (3d ed. 2004), p. 89 (first citing Fed. R. Civ. P. 8(c) and then citing *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008)). Here, Georgia res judicata law controls the analysis. *See Federer*, 701 F. App'x at 840.

"Under Georgia law, 'there are three requirements which must be satisfied in

order for res judicata to apply: there must be identity of the cause of action, identity of the parties or their privies, and previous adjudication on the merits by a court of competent jurisdiction.'" *Id.* (quoting *Bostick*, 772 S.E.2d at 673); O.C.G.A. § 9-12-40; [Doc. 9, pp. 4–6]. Given that Plaintiff could have—but didn't—raise discrimination claims against Defendants Wilder and Brooks in his first lawsuit, he cannot try that route now, in federal court. When looking at the exhibits submitted by Defendants, it is clear that "Plaintiff's claims regarding the [r]oad [were] adjudicated" by the state judge. [*Id.* at p. 5]. And although there is no precise formula or definition for determining whether a "cause of action" is the same between a first suit and a later one, there is, however, "a predisposition . . . toward taking a broad view"—looking for essential similarities of the underlying events that give rise to the various legal claims. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4407 N. 53 (3d ed. 2004) (citing *U.S. v. Althone Indus., Inc.*, 746 F.2d 977, 983–84 (3d Cir. 1984)), pp. 195–96.

      Consistent with that predisposition, the Court looks to "whether the act complained of and the relief demanded are the same." *Id.* Here, they undoubtedly are. In his first suit, Plaintiff requested that the road be "clear[ed], . . . repair[ed], and maintain[ed]. [Doc. 9-1, p. 3]. In this suit, he requests that the road be "opened, cleared, paved, and maintained." [Doc. 1, p. 6]. Not only is the demanded relief the exact same, but Plaintiff's arguments in his Response [Doc. 11] to Defendants' dismissal motion (aside from his inclusion of 42 U.S.C. § 1983's text) are the same as those put to the state

judge. *See generally* [Doc. 11] *in connection with* [Doc. 9-1, pp. 2–4]. These "essential similarit[ies]" underscore and speak directly to the Court's conclusion that this suit is simply Plaintiff's efforts to try, try again. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4407 N. 53 (3d ed. 2004) (citing *Davis v. U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982)), p. 196.

Since Plaintiff lost in his first suit, his efforts to get the other 500 feet of the road "opened, cleared, paved, and maintained" are barred by that judgment. *See* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4406 (3d ed. 2004), p. 155; [Doc. 1, p. 6]. Plaintiff's new theories of recovery—his allegations that the road isn't fully maintained because of "race, disability, sex[,] and age" discrimination—"*should have been advanced in [his] first [suit].*" 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4406 (3d ed. 2004), p. 155; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); [Doc. 1, p. 6]. Without question, Plaintiff's allegations of discrimination were "equally relevant" to his first attempt to get the road paved as they are to his attempt to get it paved via this suit. *See* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4406 (3d ed. 2004), pp. 155–56.

The judgment issued by the state judge, absent a timely appeal to the appropriate state appellate court, ended Plaintiff's attempts to get the road paved though court-ordered injunctive relief. Under the rules that govern the doctrine of res judicata, "when a court of competent jurisdiction has entered a final judgment on the merits of a cause

of action, the parties to the suit *and their privies* are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)) (emphasis added).

In other words, when the judgment from Plaintiff's first suit became final, it "put[] an end to [his] cause of action[.]" *C.I.R.*, 333 U.S. at 597. His attempt to get the road "opened, cleared, paved[,] and maintained," through judicial action, "cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." *Id.* (citation omitted); [Doc. 1, p. 6]. Based on the "essential similarit[ies] between Plaintiff's first suit and this one, res judicata bars his discrimination claims asserted against Defendants Wilder and Brooks, and their privies—other representatives or officials of the local government—Defendants Macon-Bibb County, Mayor Lester Miller, the Board of Commissioners, and Doctor Keith Moffett. *Federer*, 701 F. App'x at 840–41 (citing *McIver v. Jones*, 434 S.E.2d 504, 506 (1993)); 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: § 4407 N. 53 (3d ed. 2004) (citing *Davis*, 688 F.2d at 171), p. 196.

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 9] and **DIRECTS** the Clerk of Court to **ENTER** Judgment in their favor and **CLOSE** this case.

**SO ORDERED**, this 15th day of September, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
